PRESENT: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, JJ., and Stephenson and Russell, S.JJ.

JOHN H. FENTER

OPINION BY
v. Record No. 062563 SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
September 14, 2007
NORFOLK AIRPORT AUTHORITY

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John C. Morrison, Judge

The principal issue in this appeal is whether the Norfolk Airport Authority (the Authority) failed to properly respond to a party's requests for information under The Virginia Freedom of Information Act, Code § 2.2-3700 et seq. (the Act or FOIA). We also determine the party's entitlement to costs and attorney's fees.

I

On July 25, 2006, John H. Fenter filed a complaint and petition for injunctive relief against the Authority. He sought to require the Authority to respond to his requests for information in accordance with the Act.

On August 21, 2006, the Authority filed its answer, stating that Fenter's requests for information constituted legal questions to which the Act does not apply. The Authority further stated that, pursuant to 49 C.F.R. § 1520.1 et seq. (2005), disclosure of the requested information was not permitted because the requests involved sensitive security information (SSI).

Following a hearing, the trial court denied Fenter's petition by final order entered September 12, 2006. The trial court found that "the response of the Authority to [Fenter's] requests for information complied with the requirements of the [Act] and with the requirements of federal law." We awarded Fenter this appeal.

II

On March 8, 2006, prior to making the two requests for information at issue in this appeal, Fenter made the following request of the Authority:

> There are signs on the access roads to the Norfolk International Airport stating that "All vehicles entering airport are subject to search." Please provide me a copy of any Federal or Virginia statute or regulation authorizing the Airport Authority to search any vehicle on airport property, outside the Federal "sterile area", without prior probable cause or a valid search warrant issued by a Federal or Virginia court.

On March 10, 2006, Fenter received from Kenneth R. Scott, the Authority's executive director, a response stating that the request had been forwarded to the Authority's legal counsel, Anita O. Poston, for appropriate action. This response is not involved in this appeal.

By letter dated March 21, 2006, Fenter made a second request of the Authority, seeking "[t]he history or circumstances relating to the erection of the Norfolk Airport Authority signs on the access roads to the Norfolk International

2

Airport stating that '[a]ll vehicles entering airport are subject to search.' "  On March 27, 2006, Poston sent Fenter a letter stating the following:

> This will acknowledge that the Norfolk Airport Authority has received your letter of March 21, 2006. Mr. Scott has asked me to respond.  We have contacted the Transportation Security Administration and will respond to your letter upon receipt of advice from that agency.

On May 6, 2006, Fenter made a third request of the Authority, seeking "any records of correspondence dated on or after 1 March 2006, including emails, between the Norfolk Airport Authority and the Transportation Security Administration regarding the above-mentioned signs and my outstanding FOIA request about said signs."  On May 8, 2006, Scott responded on behalf of the Authority as follows:

> As previously advised this matter was referred to the Authority's Legal Counsel (Anita O. Poston, Esquire) and she is the only person authorized to respond accordingly.  I have copied Ms. Poston on this reply for her consideration.  Please refer all future inquiries to her attention.

Prior to filing his complaint and petition on July 25, 2006, Fenter had received no further response from the Authority or its counsel.  Also prior to Fenter's filing his complaint, the Virginia Freedom of Information Act Advisory Council (the Advisory Council) issued an advisory opinion stating that the Authority had violated the Act by failing to timely make one of the four statutorily required responses to Fenter's March 21,

2006 second request for information.[1]  The opinion provided, in pertinent part, the following:

> That request asks for any records regarding the history or circumstances relating to the posting of certain signs by the Authority.  That request therefore encompasses records such as meeting minutes, memoranda, work orders, receipts, or other records concerning the posting of the signs, all of which fall within the definition of <u>public records</u> (although exemptions may still apply).  As such, <u>the Authority should have provided you with one of the four responses permitted under § 2.2-3704 within five working days of the receipt of your request</u> . . . .
>
> <u>[T]he response itself was not one of the four responses permitted by FOIA</u>. . . .  The Authority did not provide the requested records, did not deny your request pursuant to an exemption, and did not invoke the additional seven working days to respond allowed under FOIA. . . .  Thus, in regard to this request for records regarding the history and circumstances of the signs, it appears that the Authority has failed to comply with the procedure for responding to requests as mandated by FOIA.

(Emphasis added.)

After suit was filed, the Authority provided copies of pertinent documents, including a letter from the Transportation Security Administration (TSA) addressing the scope of SSI and numerous pages of historical documents.  These documents presented no security implications.

III

---

[1] The Advisory Council is an agency of the Commonwealth of Virginia created by the legislature, Code § 30-178.

4

Fenter contends that the Authority failed to provide the responses to his second and third requests for information required by the Act. He also contends that he is entitled to recover his reasonable costs and attorney's fees.

The Act provides, in Code § 2.2-3704(A), that, "[e]xcept as otherwise specifically provided by law, all public records shall be open to inspection and copying" and that "[a]ccess to such records shall not be denied." The Act further provides, in Code § 2.2-3700(B), that its provisions

> shall be liberally construed to promote an increased awareness by all persons of governmental activities and afford every opportunity to citizens to witness the operations of government. Any exemption from public access to records or meetings shall be narrowly construed and no record shall be withheld or meeting closed to the public unless specifically made exempt pursuant to [the Act] or other specific provision of law.

(Emphasis added.) Pursuant to Code § 2.2-3704(E), "[f]ailure to respond to a request for records shall be deemed a denial of the request and shall constitute a violation of [the Act]." With regard to enforcement of the Act, Code § 2.2-3713(E) provides that "the public body shall bear the burden of proof to establish an exemption by a preponderance of the evidence. Any failure by a public body to follow the procedures established by [the Act] shall be presumed to be a violation of [the Act]." (Emphasis added.)

5

A public body's response to a request for public records is governed by Code § 2.2-3704(B), which, in 2006, provided, in pertinent part, as follows:[2]

> Any public body that is subject to [the Act] and that is the custodian of the requested records shall promptly, but in all cases within five working days of receiving a request, make one of the following responses:
>
> 1. The requested records will be provided to the requester.
>
> 2. The requested records will be entirely withheld because their release is prohibited by law or the custodian has exercised his discretion to withhold the records in accordance with [the Act]. Such response shall (i) be in writing, (ii) identify with reasonable particularity the volume and subject matter of withheld records, and (iii) cite, as to each category of withheld records, the specific Code section that authorizes the withholding of the records.
>
> 3. The requested records will be provided in part and withheld in part because the release of part of the records is prohibited by law or the custodian has exercised his discretion to withhold a portion of the records in accordance with [the Act]. Such response shall (i) be in writing, (ii) identify with reasonable particularity the subject matter of withheld portions, and (iii) cite, as to each category of withheld records, the specific Code section that authorizes the withholding of the records. When a portion of a requested record is withheld, the public body may delete or excise only that portion of the record to which an exemption applies and shall release the remainder of the record.
>
> 4. It is not practically possible to provide the requested records or to determine whether they are available within the five-work-day period. Such response shall be in writing and specify the

_____

[2] Subsection B of Code § 2.2-3704 was amended in 2007. The amendments did not change the substance of the subsection. See 2007 Acts ch. 439.

6

conditions that make a response impossible.  If the response is made within five working days, the public body shall have an additional seven work days in which to provide one of the three preceding responses.

IV

A

It is clear from the record that the Authority's only response to Fenter's second request for information made in his letter of March 21, 2006, was its statement that it had "contacted the Transportation Security Administration and will respond . . . upon receipt of advice from that agency."  This statement did not meet the requirements of any of the responses specified by Code § 2.2-3704(B).  It is also clear from the record that the Authority did not respond to Fenter's third request in one of the ways specified by Code § 2.2-3704(B).  The Authority advised only that the request had been referred to its legal counsel.

Additionally, the record reveals that, after Fenter filed suit, the Authority produced non-sensitive, non-exempt materials relating to the history of and circumstances surrounding the erection of the warning signs, including work orders and documents regarding signage language.  This was information that had been sought by Fenter in his second request.  The Authority also produced non-sensitive, non-exempt material relating to

7

Fenter's third request when it produced a letter from the TSA dated April 11, 2006.[3]

The Authority contends that Federal airport-security laws and regulations preempt the provisions of the Act requiring specific, timely responses and mandate protection of SSI. Fenter responds to this contention as follows:

> Certainly, airport security is an extremely serious matter since the events of 9/11. U.S. Government airport security regulations are entitled to supremacy to the extent they apply and conflict with Virginia law. However, the Airport Authority did not at hearing, and cannot, prove that those regulations which apply to sensitive security information ("SSI") obviated the need to respond in accordance with Va. Code, Sec. 2.2-3704(B) and to produce documents which are not SSI.

We agree with Fenter. We conclude, therefore, that the Authority's failure to properly respond to Fenter's second and

---

[3] The Authority has filed an assignment of cross-error in which it asserts that these documents were inadmissible primarily because they "were provided to an opposing party for purposes of settlement only." Fenter's counsel state that they had not been told that the documents were sent for purposes of settlement only.

The settlement-discussion privilege provides that, for reasons of public policy, "an offer to compromise or settle a disputed claim will not be received as an admission of the party making the offer . . . , but if during the negotiation there is an admission of an independent fact pertinent to the question in issue, such evidence is admissible." Hendrickson v. Meredith, 161 Va. 193, 204-05, 170 S.E. 602, 606 (1933).

In the present case, the documents were not an offer to compromise or settle the litigation; instead, they constituted independent facts with respect to the issues litigated and were admissible. Consequently, we affirm the trial court's ruling with respect to the issue raised by the Authority's assignment of cross-error.

third requests for information constituted a violation of the Act and that the trial court erred in finding otherwise.

                                    B

We now consider whether Fenter is entitled to an award of reasonable costs and attorney's fees.  Code § 2.2-3713(D) provides, in pertinent part, that "the petitioner shall be entitled to recover reasonable costs and attorneys' fees from the public body if the petitioner substantially prevails on the merits of the case, unless special circumstances would make an award unjust."

The Authority contends that Fenter is not entitled to reasonable costs and attorney's fees for several reasons. First, the Authority asserts that Fenter did not substantially prevail on the merits.  Second, it claims that Fenter did not produce a record at trial and that, without such a record, this Court cannot decide the matter.  Finally, the Authority states that Fenter did not request that the case be remanded to the trial court to fix costs and attorney's fees.

We reject the Authority's contentions.  With respect to the first contention, our reversal of the trial court's judgment assures that Fenter substantially prevails on the merits.  See White Dog Publishing v. Culpeper Bd. of Sup., 272 Va. 377, 387-88, 634 S.E.2d 334, 340 (2006).  Regarding the second argument, Fenter did not present evidence at trial concerning costs and

9

attorney's fees because the trial court expressly ruled that it was not necessary given that Fenter had not substantially prevailed on the merits at trial. Regarding the Authority's third argument, we refer to Fenter's opening brief in which he asked this Court to "provide [him] reasonable costs and attorneys' fees either directly or <u>by remand to the Circuit Court</u>." (Emphasis added.) We conclude, therefore, that Fenter is entitled to recover his reasonable costs and attorney's fees.

                                    V

    For the reasons stated herein, we will reverse the trial court's judgment and remand the case to the trial court for a determination of reasonable costs and attorney's fees, both at trial and on appeal.

                                        <u>Reversed and remanded</u>.