# CIRCUIT COURT OF LOUDOUN COUNTY

Jim Burton et al.

v.

Sally Mann

Case No. (Law) 47488

Scott K. York et al.

v.

Sally Mann

Case No. (Law) 47489

January 30, 2008

BY JUDGE THOMAS D. HORNE

The instant mandamus proceedings are on appeal *de novo* from the General District Court of Loudoun County. Sally Mann, appearing *pro se*, complains that Jim Burton and Scott York, both members of the Board of Supervisors of Loudoun County, failed to adequately respond to her request for public records in their possession or control in accordance with the Virginia Freedom of Information Act. Va. Code Ann. § 2.2-3700 (hereinafter "FOIA").

Sally Mann, a resident landowner of Mr. Burton's District, had a land-use application pending before the Board of Supervisors of Loudoun County, of which Mr. York was its chairman. Those persons named in the FOIA requests were believed by the petitioner to have appeared and spoken in opposition to the application.

Proceedings for enforcement were properly commenced in the lower court by way of a petition for mandamus. Va. Code Ann. § 2.2-3713. As required, petitions, alleging with reasonable specificity the circumstances of the alleged denial of the right of access, were filed among the papers in the case. In the event Ms. Mann substantially prevails on the merits and the Court finds that she has been denied access to the requested records in violation of FOIA, she would be entitled to her costs.

Procedures unique to enforcement proceedings in FOIA cases have been clearly stated by the General Assembly.

It is the stated public policy of the Commonwealth, among other things, that:

> [T]he people of the Commonwealth [have] ready access to *public records* in the custody of a public body or its officers or employees. . . . The *affairs of government* are not intended to be conducted in an atmosphere of secrecy since at all times the *public is to be the beneficiary* of any action taken at any level of government. . . . All *public records* and meetings shall be presumed open, unless an exemption is properly invoked.

Va. Code Ann. § 2.2-3700 (emphasis added).

Records that are subject to disclosure are those records, regardless of the form in which they were created, obtained, or retained, that have been "prepared or owned by, or in the possession of, a public body or its officers, employees, or agents in the *transaction of public business*." Va. Code Ann. § 2.2-3701.

Initiation of proceedings to obtain "public records" begins with a request identifying the requested record(s) with reasonable specificity. Va. Code Ann. § 2.2-3704. Within five days of receiving a request for a record, the possessor or custodian of the requested records is required to respond. Relative to the production of "public records," four responses to the request are identified in FOIA. They are:

    1. The requested records will be provided, or

    2. The records will be entirely withheld because release is either prohibited by law or is subject to being withheld in accordance with the provisions of the Act, or

    3. The records will be provided in part and withheld in part because those records withheld are not subject to production because prohibited by law or subject to being withheld in accordance with the provisions of the Act, or

    4. The records cannot be practically produced within the five days, in which event the period for production is extended for an additional seven days.

Va. Code Ann. § 2.2-3704(B).

A "failure to respond to a request for records is deemed a denial of the request and shall constitute a violation of FOIA." Va. Code Ann. § 2.2-3704(E).

In the production of records, reasonable charges not in excess of the actual cost incurred in "accessing, duplicating, supplying, or searching for the requested records" may be billed the asking party by the public official or body. In making disclosure of records kept in electronic format, the public body, if required to, "make reasonable efforts to provide records in any format and under such terms and conditions as agreed between the requester and public body, including the payment of reasonable costs." Va. Code Ann. § 2.2-3704(F), (G).

Significantly, the instant case posits the question of what is an appropriate response when the claim is made that the records sought are not public records in the possession, custody, or control of the public official or public body. No clear guidance is given the recipient of a FOIA request in such a case. However, as noted earlier, FOIA makes no distinction respecting records that are public or private and mandates that some response be attendant to the request.

In its earlier letter opinion, the District Court judge opined that, "the definition of the term 'public records' is that all records prepared by, or owned by, or in the possession of a public official are public records and thus subject to disclosure under F.O.I.A."

This definition overlooks the limiting language of the statute that would restrict the requirement of production only to those records "prepared or owned by, or in the possession of a public body or its officers, employees, or agents in the *transaction of public business*." Va. Code Ann. § 2.2-3701. (emphasis added). Thus, the list of groceries to pick up on the way home

from work electronically mailed by a spouse to a supervisor at his or her office and utilizing the County mail system would not be subject to production.

Central to the issue of production is whether the record can be tied to the "transaction of public business." Whether a record is found in a public databank, or one privately contracted for by the officer, agent, or employee of a public body is not determinative of the outcome. To rule otherwise would permit public records of significance to a consideration of the affairs of governance to be shielded from public scrutiny and private lives of public officials to be exposed to public view merely by a mouse-click to a different data bank.

FOIA's Advisory Council has previously noted with approval the exclusion from the requirement of mandatory production of e-mails between members of a public body that are not related to the transaction of public business and therefore, are not "public records" under FOIA. FOIA Advisory Council (A0-1-00, September 29, 2000). It was the opinion of the Council, as it is of this Court, that, "[i]t is . . . the *subject* of those e-mails that determines their status as public records. *Id.*

As noted, the e-mail correspondence sought in this case indicates the use of both public and private databases, the status of which is not determinative of the issue of disclosure.

There is an important distinction to be made between what are matters of public business and what are matters of public interest. *Kansas City Star Co. v. Fulson*, 859 S.W.2d 934 (Mo. App. W.D. 1993). In reflecting upon the example above, while it may be of interest what our public officials are eating, personal diet in most cases has nothing to do with the public business of the official. Thus, "[p]ublic business encompasses those matters over which the public governmental body has supervision, control, jurisdiction, or advisory power." *Id.* at 940.

There must be some nexus between the record produced and public trust imposed upon the official or governmental body. Contrariwise, the motive for which the request is made is immaterial. As noted by the Advisory Council, "FOIA provides the right of access to public Records." *Id.*

*Petition for Writ of Mandamus:*
*Mr. Burton and the Board of Supervisors of Loudoun County*

In this petition, Ms. Mann seeks those "public records" identified in a written FOIA request received by Jim Burton on September 21, 2007. She alleges that, as of October 2, 2007, the date of the filing of the petition, Mr.

Burton "has withheld public records without identifying the subject matter and without citing authority for the withholding. Further, Jim Burton has provided a document dated December 24, 2006, that has been partially redacted."

On September 18, 2007, Ms. Mann sent a FOIA request, via electronic mail, to Mr. Burton, a member of the Board of Supervisors of Loudoun County. The request was sent to both his e-mail address with the County and to his personal account with AOL. In that request she has asked for:

> 1. All e-mails sent to your office on September 8, 2007, between twelve noon and 12:10 pm.
> 2. Copies of any e-mails sent from the following individuals or individual e-mail addresses of seven named individuals sent during the period from January 1, 2006, to the date of the request, as well as copies of e-mails from Mr. Burton to the named persons or to the e-mail addresses from January 1, 2006, to the present. The request included e-mails from Mr. Burton's government and personal computer.

On September 24, 2007, and within the five-day limitation required for a response, Mr. Burton responded to the request of Ms. Mann. In his response, Mr. Burton responded that his aide had compiled the records requested, the cost for time compiling was $69.06, and that the copies had been left for Ms. Mann at the front desk. The response was limited to the production to all e-mails "regarding the transaction of public business" and was comprised of forty-one pages of e-mails. Mr. Burton withheld delivery of certain records he deemed unrelated to the "transaction of public business." No further information was furnished regarding the nature of these records.

On September 26, 2007, Ms. Mann wrote to Mr. Burton and requested that Mr. Burton identify those e-mails that he intended to exempt as not related to the"transaction of public business." In response, Mr. Burton indicated that it was only necessary that those "public" records withheld from disclosure that need be identified with reference to relevant statutory authority.

In August of 2007, Ms. Mann filed a further FOIA request of Mr. Burton and the Board of Supervisors. This request involved a list of addresses of persons to whom Mr. Burton's election newsletter was sent. A timely response was made; however, a controversy arose when recipients of the newsletter were sent a communication by Mr. Burton informing them of the request and of the e-mail addresses where Ms. Mann could be contacted. Recipients had not requested the withholding from disclosure by the Board of Supervisors of his or her name in accordance with the provisions of FOIA. Va.

Code Ann. § 2.2-3705.1(10). This disclosure of the request by Ms. Mann and of her contact information led to a further action before the General District Court to sanction and enjoin Mr. Burton from further disclosure of requests.

While it is true that a single instant of disclosure is sufficient to invoke the remedies provided by FOIA, as the FOIA Advisory Council has observed, "FOIA guarantees access to records, if this access was granted, then it would appear FOIA does not provide a remedy for any alleged mistreatment." FOIA Advisory Council (A0-15-03, June 18, 2003).

Accordingly, the petition requesting injunctive relief arising out of the notification to those receiving the newsletter was denied by the lower court and is not before this Court for review.

*Petition for Writ of Mandamus:*
*Mr. York and the Board of Supervisors of Loudoun County*

On September 20, 2007, Ms. Mann submitted a request to Mr. York to furnish copies of e-mails sent from certain-named individuals and individual e-mail addresses from January 1, 2006, through September 19, 2007. Mr. York and the Board of Supervisors conceded that they failed to make a timely response to the request in accordance with FOIA. In addition, a further request was made of Mr. York, Mr. Burton, and the Board of Supervisors with respect to correspondence in any form to or from Dean Settle and their offices from October 1, 2006, to the date of the request.

Keith Nussbaum, Mr. York's Assistant, offered an explanation for the lateness of the response. He indicated that he was the only full-time assistant and had been out of the office when the request was received. A response was furnished on October 2, 2007, that was limited to a period of the preceding six months. Testimony was given that indicated that this was the time within which such e-mail messages remained stored on the Loudoun County computer system. However, hard copies of the e-mails going through the County's computer system relating to the Board of Supervisors are kept in binders for public inspection at the County Offices.

Pursuant to the directive of the judge of the District Court, Mr. Nussbaum conducted a search for the requested records and responded accordingly to Ms. Mann. Thus, he reported:

We have completed the search of both the office computer located at Government Center in Leesburg . . . additionally 24 binders with printed e-mails addressed to BOS@Loudoun.gov and kept in the Board's office were hand searched by me. The

page count for all of these materials is ten and is billed at $0.10 per page or $1.00. The search request number two returned three pages for $0.30. The mandamus Order returned: Four e-mails. . . . Other costs to fulfill these three requests include:

| | |
|---|---|
| Time for searching hard copy records | 18 hrs. |
| Time searching Chairman's computer | 2.5 hrs. |
| Preparation | 2 hrs. |
| Total Time 22.5 hours @ $25 per hour | $562.50 |
| Copying | 5.00 |
| Total charges for fulfilling three requests | $567.50 |

Ms. Mann takes issue with the reasonableness of the charges for the search of the hard-copy records. In making production, a "public body shall make reasonable efforts to provide records in any format under terms and conditions as agreed between the requested and public body, including the payment of reasonable costs. Va. Code Ann. § 2.2-3704(G).

The District Court, in directing production by Mr. York and the Board of Supervisors, found that:

1. Mr. York failed to make a proper response to Ms. Mann's request for public Records under FOIA;

2. The requested records are stored in the server for the County of Loudoun's e-mail system, or in Scott K. York's personal computer;

3. Ms. Mann has incurred court costs in prosecuting this petition;

4. Scott K. York's violation of the FOIA was not willful or knowing.

Thus, the Court directed that Mr. York and the Board of Supervisors provide "all public records in response to requests made by Ms. Mann . . . on the County's server and Scott K. York's personal computer for the records that were requested. . . ."

It is axiomatic that a Court speaks through its orders. After a review of this Court's letter opinion, neither that opinion nor the order granting the mandamus suggested a search of the hard-copy e-mails open to the public and that Ms. Mann could freely search herself. It is clear that the judge considered the request that was to have been done utilizing an electronic database. While the Court has no reason to doubt either the sincerity or thoroughness of the

hand search conducted by Mr. Nussbaum, it is not something that Ms. Mann can now be charged with. Had further clarification been requested, it was incumbent upon the responding party to seek guidance from the Court.

Accordingly, a response having been made in accordance with FOIA, the Court finds the singular issue to be determined in accordance with the delivery of the records is what if any costs attendant to production are to be assessed Ms. Mann. The costs for which Ms. Mann may be held liable do not include the 18 hours spent in searching the hard-copy records ($450.00).

As noted earlier, such a search was neither directed nor contemplated by the written order of the District Court judge. Although the evidence presented on behalf of the Board with respect to a limit for the retention of one hundred and eighty days has not been challenged by competent evidence, such impossibility does not expand the breath of the search costs to include that which was not ordered and was otherwise available in a different form to the public. Ms. Mann is entitled to recover her filing fees of $84.21 that may offset against the costs of conducting the search of Mr. York's personal computer and production of the documents of $117.50. Va. Code Ann. § 2.2-3713(D).

The Court finds that no civil penalty should be imposed under the circumstances of this case, as the violation was not knowing or willful. Mr. Nussbaum acted promptly upon being informed of the failure to make a timely response, attempted to get an extension, and acted responsibly to fulfill his obligations under the provisions of the order of the District Court. Va. Code Ann. § 2.2-3714.

The issue presented in the matter involving Mr. Burton and the Board of Supervisors, presents a case of first impression for the Court. In deciding the issue the Court finds support in the underlying principles for which compliance with FOIA was mandated and the handling of not completely dissimilar issues in civil discovery. Va. Sup. Ct. R 4:1(d)(6).

As noted earlier, a party to a request under FOIA is required to respond. *Fender v. Norfolk Airport Auth.*, 274 Va. 524 (2007). A proceeding under FOIA is not an adversary process. However, "any actions of a public body that creates a chilling effect to discourage individuals from exercising these rights would clearly be contrary to the underlying policies of FOIA." FOIA Advisory Council (A0-15-03, June 18, 2003). Furthermore, the provisions of FOIA are to liberally construed and any exceptions construed narrowly. Va. Code Ann. § 2.2-3705(B).

Accordingly, while the Court finds that private records are protected from production, a response such as given in this case is deficient. There must be in the response sufficient information to enable a court to make a meaningful review of the decision of the public official or body to whom the request has been made.

The Court adopts the following rule respecting the application of FOIA to what are records that are not believed by the recipient of a request to be "prepared or owned by, or in the possession of a public body or its officers, employees, or agents in the transaction of public business."

First, the recipient should determine if the record is one arising out of the course of the public business of the recipient, that is, "those matters over which the public governmental body or agent of the government has supervision, control, jurisdiction, or advisory power."

Second, if the record is determined by the recipient of the request to be a private rather than public record, he or she must make a response, denying production by reason of it being a private record within the five days required by statute unless an extension is afforded by the express provision of FOIA.

Third, the responding party claiming the record not to be a public record should so state and in addition, describe the nature of the record not produced or disclosed in a manner that, without revealing the information or contents of the record itself, will enable the party making the request and the Court to assess whether or not the record was prepared in the transaction of public business as that term has been defined above.

As to the instant request, the Court finds that:

1. Mr. Burton has thus far failed to make a proper response to Ms. Mann's request for public records under FOIA;

2. The records sought are those previously withheld pursuant to a general response that they are not public records, said records being in the custody and control of Mr. Burton;

3. Ms. Mann shall be entitled to her costs in these proceedings;

4. No civil penalty shall be assessed, as the actions of Mr. Burton were not willful, they being upon advise of counsel or subject to the rule adopted this date.

Accordingly, the Court will direct a supplemental response from Mr. Burton and the Board of Supervisors within five days of the entry of the order reflecting this opinion. Jurisdiction is retained to enter any supplemental orders consistent with this opinion depending upon the response to the instant mandate.