Little Rock National Airport Employees c/o Allen Williams, Director Human Resources and Administration Little Rock National Airport One Airport Drive Little Rock, Arkansas 72202-4489
Dear Mr. Williams:
I am writing in response to several requests for opinions regarding application of the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 to-110 (Repl. 2002 and Supp. 2009). These requests have been submitted pursuant to A.C.A. § 25-19-105(c)(3)(B), which authorizes the custodian, requestor, or subject of personnel or evaluation records to seek an opinion from the Attorney General as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA.
The instant request from Leslie Peacock with the ARKANSAS TIMES states that the TIMES is compiling a database of all employees of the city and its semi-autonomous commissions and asks for the name, title, department, agency, salary/wage, gender, hire date, employment status (full time, part time or temporary) and pay basis (hourly or salaried) on all employees.
Your letters variously state that you are opposed to the release of what you refer to as your "personal information," and you ask that the request be denied as an invasion of your privacy. Concern is also expressed regarding national security and the possibility that the requested information is restricted "Sensitive Security Information" as defined by the federal Department of Homeland Security.
It is my understanding that the records custodian at Little Rock National Airport intends to release the requested information. *Page 2 
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of certain employee-related documents is consistent with the FOIA. In the present case, the custodian has determined that the requested records are personnel records and should be released. In my opinion, the custodian's decision is generally consistent with the FOIA; but some mention should be made of certain federal airport-security regulations that are entitled to supremacy to the extent they apply and conflict with the FOIA. As explained further below, there are regulations prohibiting disclosure of identifying information of certain transportation security personnel (known as "sensitive security information"). I assume the custodian has considered these regulations when addressing the specific FOIA request at hand, but I cannot test the factual accuracy of this assumption. This is a matter to be decided in the first instance by the records custodian, acting upon the advice of local counsel. Consultation with legal counsel may also be necessary or advisable to consider the possible applicability of other federal security requirements promulgated under the Homeland Security Act of 2002.[1]
DISCUSSION
The FOIA provides for the disclosure, upon request, of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public *Page 3 
official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[2]
In this case, given that the subjects of the request are public employees, documents containing the requested information clearly qualify as "public records" under this definition. As one of my predecessors noted: "If records fit within the definition of `public records' . . . they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law."[3]
The relevant exemption in this case is the one for "personnel records."[4] This office has previously opined that "records relating to [an employee's] hiring date and salary information are clearly `personnel records' for purposes of the FOIA."[5]
Additionally, as a general rule the name of a public employee, like salary information, is contained in records that are properly classified as "personnel records."[6]
"Personnel records" are open to public inspection and copying under the FOIA, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."[7]
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." But the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies. That test requires that one weigh the public's interest in accessing the records against *Page 4 
the individual's interest in keeping the records private.[8] If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted inYoung:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.[9]
In contrast, as the court noted in Stilley v. McBride, when there is "little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial."[10] Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his privacy interests outweighed that of the public's under the circumstances presented.[11] Further, the requestor's motive in seeking the documents is usually irrelevant to whether the document should be disclosed.[12]
At issue, then, is whether disclosing documents that record an employee's name, title, department, agency, salary, hire date, employment status (whether full time, part time or temporary), or pay basis (hourly or salaried) would amount to a "clearly unwarranted invasion of personal privacy" under this balancing test. In *Page 5 
my opinion, it generally would not. Numerous opinions of this office support the conclusion that the public interest in this type of basic employment information is substantial and any potential privacy interest does not outweigh it.[13] It must also be noted that, consistent with previous opinions of this office, the custodian's decision to release the "gender" of the affected employees is consistent with the FOIA.[14]
One of the employee's objecting to disclosure has expressed concern about the potential uses to which the documents may be put after they are disclosed. This office has consistently opined, however, that a person's motive or reason for requesting records pursuant to the FOIA is irrelevant.[15] If the record is a "public record" under the FOIA and is subject to no exception, it must be released to members of the public without regard to their motive for seeking access to the record or the use to which it may be put.
It is therefore my opinion that the public interest ordinarily prevails with respect to this basic employment information, and that the custodian's decision to release a record listing employees' names, job titles, departments, agencies, salaries/wages, *Page 6 
gender, hire dates, employment status and pay basis is generally consistent with the FOIA.
I have assumed in this regard that the custodian has given due consideration to certain federal airport-security regulations that are entitled to supremacy to the extent they apply and conflict with the FOIA.[16] Following the events of 9/11, Congress created the Transportation Security Administration ("TSA"), which is part of the United States Department of Homeland Security, to which it transferred responsibility for airport security regulations.[17]
The TSA regulations restrict disclosure of "sensitive security information" or "SSI."[18] As explained by one court:
 According to the applicable regulations, SSI is defined according to two criteria: (a) that which, if disclosed, would "[b]e detrimental to the security of transportation," and (b) TSA's final determination that information should be so characterized. 49 C.F.R. § 1520.5(a)(3). The regulations provide additionally sixteen categories of information that are presumptively deemed SSI absent TSA determination to the contrary. [Footnote omitted.] See 49 C.F.R. § 1520.5(b).[19]
Among the sixteen categories is the following:
 Information constituting SSI. Except as otherwise provided in writing by TSA in the interest of public safety or in furtherance of transportation security, the following information, and records containing such information, constitute SSI:
 * * * *Page 7 Identifying information of certain transportation security personnel. (i) Lists of the names or other identifying information that identify persons as —
 (A) Having unescorted access to a secure area of an airport, a rail secure area, or a secure or restricted area of a maritime facility, port area, or vessel;
 (B) Holding a position as a security screener employed by or under contract with the Federal government pursuant to aviation or maritime transportation security requirements of Federal law, where such lists are aggregated by airport;
 (C) Holding a position with the Coast Guard responsible for conducting vulnerability assessments, security boardings, or engaged in operations to enforce maritime security requirements or conduct force protection;
 (D) Holding a position as a Federal Air Marshal; or
 (ii) The name or other identifying information that identifies a person as a current, former, or applicant for Federal Flight Deck Officer.[20]
I lack sufficient information to determine whether any of the information to be disclosed pursuant to the instant FOIA request is classified as SIS pursuant to this federal law. The custodian must make this determination in the first instance. Nor can I opine comprehensively regarding the possible applicability of any other federal security requirements.[21] The custodian of the requested records must undertake this review, ideally with the assistance of local counsel. The foregoing is offered as general guidance in addressing the matter. *Page 8 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] 6 U.S.C. § 101 et seq. The general rule of disclosure under the FOIA is qualified by A.C.A. § 25-19-105(a)(1)(A), which provides for disclosure of all public records "[e]xcept as otherwise specifically provided by . . . laws specifically enacted to provide otherwise. . . ." As noted by two recognized commentators on the FOIA, "[t]his language is broad enough to reach federal as well as state statutes." John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 246 (Arkansas Law Press 2009, 5th ed.)
[2] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[3] Op. Att'y Gen. 99-305.
[4] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[5] Op. Att'y Gen. 2004-320.
[6] Op. Att'y Gen. Nos. 2005-074 and 2003-095, and opinions cited therein.
[7] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[8] Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992).
[9] Id. at 598.
[10] 332 Ark. 306, 312, 965 S.W.2d 125 (1998).
[11] Id. at 313.
[12] See, e.g., Op. Att'y Gen. 2010-148.
[13] E.g., Op. Att'y Gen. 2008-050, citing Op. Att'y Gen. Nos. 2007-001, 2005-194, 2005-057, 2004-225, and 2002-087;see also Op. Att'y Gen. 2005-074 (citing several opinions to the effect that the names of public employees are generally subject to disclosure, including Op. Att'y Gen. 90-335 ("[t]he `public' is the employer of these individuals, and pays their salaries [and] [i]t is not unreasonable to expect that an employer would have an interest in knowing whom it employs[;]") and Op. Att'y Gen. 95-220 ("[c]ourts have found relatively little privacy interest in records revealing names of public employees.")); Op. Att'y Gen. 2003-298 ("[T]he public interest in obtaining salary information relating to public employees, including the identity of particular employees, outweighs the employees' privacy interests."); 98-126 ([S]alary information is clearly subject to disclosure, as such information does not constitute a "clearly unwarranted invasion of personal privacy[,]" citing Op. Att'y Gen. Nos. 96-205, 95-242, 95-070, and 94-198).
[14] See Op. Att'y Gen. 2005-100 ("This office has previously opined that an employee's race, gender, date of hire and job title are disclosable under the FOIA. See, e.g., Op. Att'y Gen. Nos. 1999-305 and 91-351. Records containing this information generally constitute `personnel records' that are open to public inspection and copying."). (Emphasis added.)
[15] See Op. Att'y Gen. 92-289. See also THE ARKANSAS FREEDOM OF INFORMATION ACT, supra n. 1, at 140.
140 (Arkansas Law Press 2009, 5th ed.)
[16] See Fneter v. Norfolk Airport, 274 Va. 524 (2007).
[17] 49 U.S.C. § 114(s)(1)(c).
[18] 49 C.F.R. § 1520.5. Seealso 49 C.F.R. § 1520.1 (regarding scope of Part 1520).
[19] In re September 11 Litigation,431 F. Supp.2d 405 (S.D.N.Y. 2006).
[20] 49 C.F.R. § 1520.5(b)(11) (emphasis original).
[21] See, e.g., 6 U.S.C. § 133(a) (part of the Critical Infrastructure Information Act of 2002, which was enacted as part of the Homeland Security Act of 2002); County of Santa Clara v.Superior Court,89 Cal.Rptr.3d 374, 170 Cal.App.4th 1301 (2009) (discussing the federal protection for "critical infrastructure information.")