COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, Malveaux and White
Argued at Norfolk, Virginia

UNPUBLISHED

CITY OF NORFOLK

                                             MEMORANDUM OPINION* BY
v.        Record No. 0369-23-1         JUDGE KIMBERLEY SLAYTON WHITE
                                                   JULY 30, 2024
ARIANNA ZOGHI


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Mary Jane Hall, Judge

Margaret A. Kelly (Office of the Norfolk City Attorney, on briefs),
for appellant.

Meghan S. Skelton (SkeltonLaw, LLC, on brief), for appellee.


Arianna Zoghi petitioned for a writ of mandamus requiring the City of Norfolk to disclose a law enforcement agency's records identifying juvenile victims of specific crimes under the Virginia Freedom of Information Act (VFOIA) after the City had denied her request. Asserting that the requested records involving the juvenile victims were not subject to public disclosure because of a statute requiring confidentiality of certain juvenile records, the City denied Zoghi's request. Ruling that the statute only required withholding law-enforcement records naming juvenile defendants, but not other types of juveniles, the circuit court granted the petition for a writ of mandamus and ordered production of the documents. The circuit court also found that Zoghi substantially prevailed on the merits of the case, and that her costs were reasonable, and awarded all of her requested costs under Code § 2.2-3713(D). The City appeals.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

For the following reasons, we affirm the circuit court's rulings. We remand to the circuit court for a determination of any reasonable costs and attorney fees associated with this appeal.

BACKGROUND

Arianna Zoghi represents Anthony Juniper in a federal habeas action following his conviction of four counts of capital murder. In February 2022, Zoghi requested public records relating to Juniper's convictions, including the criminal investigative files of four homicides, two of which involved juvenile victims. The City of Norfolk (the City) initially agreed to produce the records in response to Zoghi's request but then reversed course and withheld them. The City identified about 860 pages of records and 23 recordings but withheld them citing Code § 16.1-301, arguing that subsections A and C exempted the records of juvenile victims from disclosure to Zoghi.

Zoghi filed a petition for a writ of mandamus to the City under VFOIA. The general district court ordered the City to produce the records, and the City appealed the ruling to the circuit court. The City continued to maintain that the code mandated that the records concerning juveniles be held as confidential and were not subject to disclosure. Zoghi argued that Code § 16.1-301 did not prohibit disclosure of records relating to juvenile victims and thus the disclosure exception did not apply to the requested material.

The circuit court ruled that Code § 16.1-301 only requires withholding law-enforcement records that identify juvenile defendants, not any other type of juveniles. Because the circuit court found that Code § 16.1-301 was "inapplicable as a bar to the [V]FOIA request because the requested records [did] not 'concern' juvenile defendants," the City was ordered to produce the requested records.

Zoghi moved the circuit court to order that the City pay the costs incurred for the filings and hearings necessitated by the City's failure to release the requested documents. Zoghi sought

$863.71 from the City. Zoghi calculated her expenses as follows: $136.25 for the estimated roundtrip mileage for her assistant to drive "from her home in Henrico County to the Norfolk General District Court's Office to file the Petition in person"; $64.48 for the filing fee for the petition; $241.25 for Zoghi's estimated roundtrip mileage from her home in Arlington to the Norfolk court for appearance at one hearing; $177.48 for Zoghi's hotel stay and parking before the hearing; another $241.25 for Zoghi's estimated roundtrip mileage for appearance at a second hearing; and $3.00 for Zoghi's parking during a hearing.

In her motion for costs, Zoghi noted that the clerk of the general district court informed her that the better practice was to file this type of petition in person, which required driving to the court. Zoghi asked an assistant to file the petition for her because her assistant lived substantially closer to the court than she did. Zoghi also explained that the hotel was necessary the night before the 9:00 a.m. hearing because she lives about a three-hour drive from the trial court—without rush-hour traffic. Zoghi argued that she would either need a hotel room or need to get up at about 3:00 a.m. to ensure timely appearance in court.

The City opposed the motion and requested that the circuit court deny the motion for all amounts other than the $64.48 filing fee. A hearing was held, and the circuit court ordered the City to reimburse Zoghi for the full $863.71, which the City now appeals.[1]

ANALYSIS

A. Definition of Records Concerning a Juvenile in Code § 16.1-301

This Court "review[s] the trial court's statutory interpretations and legal conclusions *de novo*." *Chaney v. Karabaic-Chaney*, 71 Va. App. 431, 434 (2020) (quoting *Navas v. Navas*, 43

---

[1] Following the trial of the case and during the pendency of the appeal, the City released redacted portions of a portion of the requested records. Zoghi argued that the release of the redacted records made the appeal moot and moved for the dismissal of the appeal. In an earlier released order, this Court denied the motion holding that all the issues raised had not been resolved by the partial release of requested records.

Va. App. 484, 487 (2004)). "Whether documents . . . should be excluded under [VFOIA] is a mixed question of law and fact." *Va. Dep't of Corr. v. Surovell*, 290 Va. 255, 262 (2015) (first alteration in original). To be clear, "'[w]e give deference to the trial court's factual findings and view the facts in the light most favorable to the prevailing part[y,]' but we review the trial court's application of the law to those facts de novo." *Tuttle v. Webb*, 284 Va. 319, 324 (2012) (alterations in original) (quoting *Caplan v. Bogard*, 264 Va. 219, 225 (2002)).

A court must "assume that the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute." *Barr v. Town & Country Props., Inc.*, 240 Va. 292, 295 (1990).

The City asks us to reverse the trial court decision and argues that Code § 16.1-301 applies to records of all juveniles, and thus there was an applicable exemption barring compliance with Zoghi's VFOIA request. Code § 16.1-301 opens with "[t]he court shall require all law-enforcement agencies to take special precautions to ensure that law-enforcement records concerning a juvenile are protected against disclosure to any unauthorized person." Appellant argues that, under the basic canons of statutory construction, Code § 16.1-301's statements about "law-enforcement records concerning a juvenile" should be interpreted to define "juvenile" as any person under the age of 18. Relying on the definition of a juvenile set forth in Code § 16.1-228, the statute provides definitions for use in the chapter, "unless the context requires a different meaning."

We agree with the circuit court's ruling that, read in its entirety and defining "juvenile" as used in the statute in context, Code § 16.1-301 applies only to records involving juvenile defendants. There is significant language in the statute that does not expand a reading of "juvenile" in the statute to juvenile victims. Specifically, the statute states "[t]he police departments of the cities of the Commonwealth, and the police departments or sheriffs of the

- 4 -

counties of the Commonwealth, as the case may be, shall keep separate records as to *violations of law committed by juveniles* other than violations of motor vehicle laws." (Emphasis added). In addition, the statute makes limited exceptions to non-disclosure information about juveniles who are suspects or who have been charged with certain crimes, juveniles being before a court, juveniles being committed, supervision of a juvenile after release from commitment, juveniles being subsequently convicted of a criminal offense, and juveniles who have counsel. Code § 16.1-301(B), (C)(1), (C)(2), (C)(5), and (C)(6).

Furthermore, Code § 2.2-3700(B) sets forth the policy of VFOIA and mandates that "[a]ny exemption from public access to records . . . shall be narrowly construed and no record shall be withheld . . . unless specifically made exempt pursuant to . . . other specific provision of law." The exemptions from disclosure of records of juveniles set forth in the juvenile code refer in every instance to juveniles who have violated the law, who are suspects of violating the law, who are before the court, and who have been convicted, supervised, or committed. As such, a broader reading of the juvenile records exemptions from disclosure runs afoul of VFOIA.

### B. Prevailing under VFOIA

If a petitioner asks the trial court to compel the public body to produce documents, and the court orders the production of documents, the petitioner has substantially prevailed on the merits. *Hill v. Fairfax Cnty. Sch. Bd.*, 284 Va. 306, 314 (2012). "The 'merits of the case' means 'the object of the action in which a claim that [VFOIA] has been violated is made.'" *Cole v. Smyth Cnty. Bd. Of Supervisors*, 298 Va. 625, 644 (2020) (quoting *Hill*, 284 Va. at 314).

VFOIA states that a successful petitioner "shall be entitled to recover reasonable costs, including costs and reasonable fees for expert witnesses, and attorney fees from the public body if the petitioner substantially prevails on the merits of the case, unless special circumstances would make an award unjust." Code § 2.2-3713(D).

- 5 -

Given that the interpretation of Code § 16.1-301 favors Zoghi as analyzed above, Zoghi has substantially prevailed on the merits. Therefore, she is entitled to costs related to her VFOIA request. *See Fenter v. Norfolk Airport Auth.*, 274 Va. 524, 532 (2007).

### C. Amount of Costs

"[T]he determination of reasonable fees 'rests within the sound discretion of the trial court.'" *Va. Educ. Ass'n v. Davison*, 294 Va. 109, 122 (2017) (quoting *Ulloa v. QSP, Inc.*, 271 Va. 72, 82 (2006)). The reasonableness is specific to the circumstance of the case before the trial court. *Ulloa*, 271 Va. at 82. Prevailing parties under VFOIA have a "burden to establish to a reasonable degree of specificity" fees associated with petitioning for disclosure. *Id.* at 83.

The City argues that the circuit court erred in granting Zoghi's motion for costs for an assistant's mileage incurred for in-person filing of the petition ($136.25), Zoghi's mileage ($482.50), and Zoghi's hotel, taxes, and any parking ($180.48) for attendance at the hearing because these are not recoverable costs or fees under Code § 2.2-3713 or other provision of Virginia law as they are not essential for prosecution of the suit. The City asks for a strict interpretation of the undefined "costs" in the statute. *See Lansdowne Dev. Co., L.L.C. v. Xerox Realty Corp.*, 257 Va. 392, 403 (1999). The City cites to Code § 17.1-601 to argue that costs recoverable by a prevailing party being only "those 'essential for prosecution of the suit, such as filing fees or charges for service of process.'" *City of Charlottesville v. Regulus Books, LLC*, 301 Va. 170, 179 (2022) (quoting *Chacey v. Garvey*, 291 Va. 1, 10 (2015)) (holding that the circuit court erred by awarding costs for transcript fees, transcript shipping fees, pro hac vice admission fees, and fees for case file copy requests).

Code § 17.1-601 sets forth the general rule on the award of costs.  Code § 2.2-3713(D) sets forth the specific rule applicable to VFOIA cases.  The doctrine of *lex specialis*[2] dictates that we examine the costs issue through the lens of the specific statute.  The specific code section qualifies the costs allowed as those that are "reasonable" and not "unjust."  The determination of the reasonable and not unjust costs is left to the discretion of the trial court.

The costs that are reasonable are dictated by the specific facts of each case.  In this instance, for example, a court clerk advised that in-person filing of the petition was the preferred manner of filing.  In addition, the court scheduled the hearing at a time that made it reasonable for the out-of-town petitioner to arrive the night before.  We find that the trial court did not abuse its discretion in applying the case specific facts in determining the reasonable costs allowed and in making the award.

CONCLUSION

For the reasons stated above, we affirm the rulings of the circuit court.  As such, Zoghi substantially prevailed under VFOIA and was entitled to the awarded costs.  We remand to the circuit court for a determination of any reasonable costs and attorney fees associated with this appeal.

*Affirmed and remanded.*

---

[2] "It is a commonplace of statutory construction that the specific governs the general." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992).